UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                              §
                                    §
BACHRACH, MICHELE H                 §      Case No. 08-10628
                                    §
         Debtor(s)                  §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

   Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that JOSEPH E. COHEN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

   The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
            CLERK OF BANKRUPTCY COURT

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 0 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 2:00 PM on 08/05/2011 in Courtroom B,
            Park City Branch Court
            301 Greenleaf Avenue
            Park City, IL 60085
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____        By: _____
                                           Clerk, U.S. Bankruptcy Court


*JOSEPH E. COHEN*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS

In re: §
§
BACHRACH, MICHELE H § Case No. 08-10628
§
Debtor(s) §

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

| | |
|---|---|
| The Final Report shows receipts of | $ |
| and approved disbursements of | $ |
| leaving a balance on hand of[1] | $ |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH E. COHEN | $ | $ | $ |
| Trustee Expenses: JOSEPH E. COHEN | $ | $ | $ |
| Attorney for Trustee Fees: Cohen & Krol | $ | $ | $ |
| Other: INTERNATIONAL SURETIES, LTD. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | $ | $ | $ |
| 000002 | TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | $ | $ | $ |
| 000003 | PYOD LLC assignee of Washington Mutual<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004 | PYOD LLC assignee of Washington Mutual<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | $ | $ | $ |
| 000005 | PYOD LLC assignee of Citibank<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | $ | $ | $ |
| 000006 | PYOD LLC assignee of Citibank<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | $ | $ | $ |
| 000007 | PYOD LLC assignee of Citibank<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | $ | $ | $ |
| 000008 | State Farm Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | $ | $ | $ |
| 000009 | Recovery Management Systems Corp./GE Money Bank dba CARE CREDIT/GEMB<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $ | $ | $ |
| 000010 | eCAST Settlement Corporation assignee of HSBC Bank Nevada and its Assigns<br>POB 35480<br>Newark NJ 07193-5480 | $ | $ | $ |
| 000011 | Chase Bank USA,N.A<br>c/o Creditors Bankruptcy Service<br>P O Box 740933<br>Dallas,Tx 75374 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000012 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | $ | $ | $ |
| 000013 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | $ | $ | $ |
| 000014 | Recovery Management Systems Corporation<br>For GE Money Bank<br>dba WALMART<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $ | $ | $ |
| 000015 | Recovery Management Systems Corporation<br>For GE Money Bank<br>dba MEIJER PLATINUM MC<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $ | $ | $ |
| 000016 | Recovery Management Systems Corporation<br>For GE Money Bank<br>dba OLD NAVY<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $ | $ | $ |
| 000017 | Recovery Management Systems Corporation<br>For GE Money Bank<br>dba GAP<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $ | $ | $ |
| 000018 | Recovery Management Systems Corporation<br>For GE Money Bank<br>dba LINENS N THINGS<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $ | $ | $ |
| 000019 | Recovery Management Systems Corporation<br>For GE Money Bank<br>dba JCPENNEY CREDIT SERVICES<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $ | $ | $ |

                                Document      Page 6 of 6

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____

    Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent, plus interest (if applicable).

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

    Prepared By: /s/JOSEPH E. COHEN_____
                               TRUSTEE

*JOSEPH E. COHEN*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.